FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 27 2002

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                         PLAINTIFF

vs.                                       NO. 4:99CV486 SMR

KOHLER COMPANY
d/b/a STERLING PLUMBING
GROUP, INC.                                                                         DEFENDANT

## ORDER

Several motions are pending before the Court. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), brought this Title VII action on behalf of John R. Reynolds, alleging that defendant, Kohler Company ("Kohler"), discharged Reynolds because of his race and in retaliation for an allegation of race discrimination. The case was tried to a jury which returned a verdict in Kohler's favor on the EEOC's race discrimination claim and against Kohler on the retaliation claim. The jury awarded $40,000.00 in compensatory damages and $50,000.00 in punitive damages and Judgment was entered on the jury verdict..

Defendant filed a Motion for Judgment as a Matter of Law or, in the alternative, for New Trial or, in the further alternative, for Remittitur. Defendant also filed a Supplemental Brief in support of Motion for Judgment citing new authority. Defendant notes that on its motion for judgment as a matter of law made at trial, the Court recognized that while the EEOC's discrimination claim was not strong, its retaliation claim was "even weaker." Kohler argues that the evidence at trial was insufficient to sustain the jury's verdict on the retaliation claim. It is claimed that the trial proof was insufficient to show a causal connection between Reynolds' termination and his engaging in allegedly statutorily protected activity, and the trial proof was

insufficient to show that Reynolds actually engaged in activity protected by Title VII. Defendant claims the jury's verdict on the retaliation claim rested on speculation and conjecture and had no probative evidence to support it.

Defendant next claims that even if the Court determines that the jury rationally found in EEOC's favor on the retaliation claim, that Defendant is entitled to judgment on the EEOC's claim for punitive damages. It is averred there was insufficient evidence at trial to support the conclusion that either John Dickson or Rebecca Miller engaged in intentional retaliation with malice or reckless indifference to Reynolds' federally protected rights and that there was no evidence that either of these individuals retaliated against Reynolds in spite of his or her perception that Reynolds' termination would violate federal law.

Finally, Defendant claims that the jury's verdict on the retaliation claim was against the weight of the evidence and constitutes a miscarriage of justice. Therefore, Defendant argues it is entitled to a new trial on that claim pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Judgment as a matter of law should be entered when the evidence, viewed in the light most favorable to the verdict, was such that no reasonable juror could have returned a verdict for the nonmoving party. Ryther v. KARE, 108 F.3d 832, 835 (8th Cir.), cert denied, 521 U.S. 1119 (1997). "Judgment as a matter of law is appropriate only when all the evidence points one way, and is susceptible of no reasonable inference sustaining the jury's verdict." Scott Fetzer Co., v. Williamson, 101 F.3d 549, 553 (8th Cir. 1996). However, judgment as a matter of law "must be granted when the non-movant's case rests solely upon speculation and conjecture lacking in probative evidentiary support." Concord Boat Corp. v. Brunswick Corp., 207 F.3d 1039, 1050 (8th Cir.), cert. denied, 531 U.S. 979 (2000).

To establish a case of retaliation under Title VII, a Plaintiff has the burden of proving (1) that plaintiff engaged in statutorily protected activity, (2) that plaintiff subsequently suffered an adverse employment action, and (3) that the adverse employment action occurred because of plaintiff's protected activity. See Howard v. Burns Bros., Inc., 149 F.3d 835, 841 (8th Cir. 1998).

The Court finds that Mr. Reynolds engaged in statutorily protected activity when he complained in the meeting with Mr. Dickson that he was terminated due to his race. It is also true that Mr. Reynolds suffered an adverse employment action. He was terminated. However, Mr. Reynolds fails in meeting the third requirement of a retaliation claim, that the adverse employment action occurred because of Mr. Reynolds protected activity.

It is clear from the record, and the jury so found, that Plaintiff was not terminated as a result of racial discrimination. Mr. Reynolds admitted that over a two year period, he had claimed an hour of pay to which he was not entitled. Plaintiff attempts to argue there was a temporal connection between the allegedly protected conduct and the adverse employment action and that this connection is evidence of retaliation. However, the trial proof reveals that when Mr. Reynolds was confronted about his work habits, he admitted his infractions. He admitted that he consistently claimed an hour of pay to which he was not entitled over a period of two years. These admissions undermine the suggestion that Reynolds' termination was a result of his complaint of race discrimination. See Stuart v. General Motors Corp., 217 F.3d 621, 634 (8th Cir. 2000) (rejecting plaintiff's reliance upon certain disciplinary actions to show a causal connection on summary judgment because "plaintiff does not deny the factual basis of three of the five instances of disciplinary action"); Jackson v. Delta Sp. Sch. Dist., No. 2, 86 F.3d 1489, 1494-95 (8th Cir. 1996) (affirming grant of judgment as a matter of law on the ground that the evidence

was insufficient to generate a fact question on the issue of pretext partly because of plaintiff's "damaging admissions" to the conduct relied upon by the employer as the reason for her termination).

Then, Mr. Reynolds claimed he was being singled out, after he had been confronted and after he admitted wrongdoing. Evidence of retaliation would more likely occur if a Plaintiff complained of racial discrimination and then the employer began to scrutinize him. When Mr. Reynolds complained that he was being discriminated against, he refused repeatedly to identify a single similarly situated employee[1] that was treated differently than he was being treated for the same or similar conduct.

The other individuals Plaintiff identified as being treated more favorably than he was, were not similarly situated. Alan Dickson was not supervised by Chuck Davis or Rebecca Miller. Even if there were evidence that Michael Senko and Jeremy Askins cheated their employer, the frequency of the actions of these individuals did not approach the frequency of Reynolds' actions, and they engaged in conduct that was different.

Without other circumstantial evidence of discrimination, more than a temporal connection between the allegedly protected conduct and the adverse employment action is required to create a fact issue as to causation. Bradley v. Widnall, 232 F.3d 626, 633 (8th Cir. 2000). "A 'mere coincidence of timing' can rarely be sufficient to establish a submissible case of retaliatory

---

[1] Comparison employees must have been similarly situated to Reynolds "in all relevant respects." Griffin v. Super Value, 218 F.3d 869, 871 (8th Cir. 2000)(citations omitted). "Specifically, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000).

-4-

discharge." Kipp v. Missouri Highway, 280 F.3d 893, 897 (8th Cir. 2002) (citation omitted). If the timing of these events could create a causal connection without more, then employees could claim discrimination each and every time they were questioned about alleged infractions, because any subsequent adverse employment action based on the alleged infractions would provide complaining parties with a prima facie case of retaliation against their employers.

Plaintiff attempted to prove retaliatory motive by charging that Kohler did not conduct a thorough investigation of Reynolds' complaint of discrimination. However, Reynolds was asked who was being treated differently and he failed to mention a single person. Even at the trial of the action, Plaintiff was unable to produce a truly comparable employee that was receiving more favorable treatment.

The Court finds Kohler's reason for firing Reynolds was legitimate and non retaliatory. Reynolds regularly cheated Kohler out of an hour of work per day. He justified his actions by noting that he had been doing so for two years. While the jury may have thought that Kohler's termination was unfair, Title VII does not empower federal courts to "sit as a super-personnel department that reexamines an entity's business decision." Wilking v. County of Ramsay, 153 F.3d 869, 873 (8th Cir. 1998). Therefore, Defendant's Motion for Judgment as a Matter of Law is granted. A separate Judgment shall be entered in accordance with this Order.

It is, therefore, ORDERED that Defendant's Motion for Judgment as a Matter of Law (Doc. No. 64-1) is granted; Defendant's alternative motions for new trial or remittitur (Doc. No. 64-2 and 64-3) are moot; Plaintiff's Motion regarding reinstatement and injunctive relief (Doc. No. 62-1 and 62-2) is moot; Plaintiffs's Motion for Costs (Doc. No. 70) is moot; and Defendant's Motion for Reduction of Plaintiff's Bill of Costs (Doc. No. 71) is moot.

-5-

Dated this 25TH day of March, 2002.

_____
United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 3/28/02 BY _____

bt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

March 28, 2002

* * MAILING CERTIFICATE OF CLERK * *

Re:   4:99-cv-00486.

True and correct copies of the attached were mailed by the clerk to the following:

Steven W. Quattlebaum, Esq.
Quattlebaum, Grooms, Tull & Burrow PLLC
111 Center Street
Suite 1900
Little Rock, AR   72201

Pamela B. Dixon, Esq.
Equal Employment Opportunity Commission
820 South Louisiana
Little Rock, AR   72201

Celia Miklos Liner, Esq.
Equal Employment Opportunity Commission
1407 Union Avenue
Suite 621
Memphis, TN   38104

Terry Beck, Esq.
Equal Employment Opportunity Commission
1407 Union Avenue
Suite 621
Memphis, TN   38104

Katharine W. Kores, Esq.
Equal Employment Opportunity Commission
1407 Union Avenue
Suite 621
Memphis, TN   38104

press and post

James W. McCormack, Clerk

3/28/02

BTyree

Date.: _____     BY: _____