FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 29 2004

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                    PLAINTIFF

vs.                          NO. 4:99CV00486 JMM

KOHLER COMPANY
d/b/a STERLING PLUMBING GROUP,
INC.                                                          DEFENDANT

ORDER

Several post-appeal motions are pending before the Court[1]. Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), brought this Title VII lawsuit on behalf of John R. Reynolds, alleging that Kohler Company ("Kohler") discharged Reynolds because of his race and in retaliation for an allegation of racial discrimination.

I. **Background**

A jury returned a verdict in Kohler's favor on the EEOC's discrimination claim and against Kohler on the EEOC's retaliation claim. The jury awarded $40,000.00 in compensatory damages and $50,000.00 in punitive damages. The Court entered its Judgment on the jury verdict and Kohler renewed its Motion for Judgment as a Matter of law on the claims of retaliation and punitive damages. In the alternative, Kohler requested a new trial, and in the further

---

[1] This case was reassigned to this docket after the death of Judge Stephen M. Reasoner, who originally presided over this action.

alternative, remittitur of the damages. The Court entered an order granting Kohler's Motion for Judgment as a Matter of Law on the retaliation claim and denying as moot Kohler's motion on the punitive damages claim, the alternative request for new trial, and the further alternative request for remittitur. The Court entered its Judgment in favor of Kohler as a matter of law on the retaliation claim. The EEOC appealed and the Eighth Circuit reversed the Court's Judgment as a matter of law, reinstating the jury's verdict and remanding for further proceedings. See EEOC v. Kohler Co., 335 F.3d 766 (8th Cir. 2003).

The EEOC renewed its Motion for Reinstatement, Injunctive Relief and Costs and also filed a New Motion for Post-Judgment Interest.[2] Kohler then filed pleadings renewing its Motion for Judgment as a Matter of Law on the retaliation claim and the claim for punitive damages. In the alternative, Kohler also renewed its motion for a new trial on punitive damages, or in the alternative, for remittitur.

## II. Kohler's Motions

---

[2] The EEOC sought interest from the date of the original judgment. It appears the Eighth Circuit resolved this issue of post-judgment cost, when it recalled and amended the mandate to grant the appellant interest from the date on which the judgment was originally entered in the district court.

With respect to the Motion for Judgment on the retaliation claim, the Eighth Circuit reversed the district court's grant of judgment as a matter of law and reinstated the jury's verdict in favor of Plaintiff. Specifically, the Eighth Circuit found "the "evidence to show that in viewing the record evidence as a whole and in the light most favorable to the EEOC, sufficient evidence exists for a reasonable jury to find that Kohler reacted to Reynold's complaint of discrimination by terminating his employment." EEOC v. Kohler, 335 F.3d 766, 776-77 (8th Cir. 2003). Therefore, Kohler's Motion for Judgment as a Matter of Law on the retaliation claim is denied.

With respect to the punitive damages claim, in Kolstad v. American Dental Ass'n., 527 U.S. 526, 534 (1999), the United States Supreme Court clarified that "[u]nder the terms of [§1981a(b)(1)], ... punitive damages are available in claims under Title VII ... [where] the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" The Kolstad Court rejected an interpretation which would have required "egregious" conduct by an employer before punitive damages could be available under this provision. Instead, the Court interpreted §1981a(b)(1) to provide for punitive awards based solely on an employer's state of mind: "The terms 'malice' or 'reckless

indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination." Id. at 535. Applying this standard in the context of §1981a, the Court held that an employer must at least discriminate in the face of a "perceived risk that its actions will violate federal law" to be liable in punitive damages. Id. at 536. The Court made clear, however, that the punitive damages inquiry does not end with a showing of the requisite malice or reckless indifference on the part of certain individuals; the plaintiff must impute liability for punitive damages to the employer. For these purposes, the Court adopted the Restatement (Second) of Agency §217C, which, .... "contemplates liability for punitive awards where an employee serving in a 'managerial capacity' committed the wrong while 'acting in the scope of employment.'" Id. at 538. Clearly, Mr. Dickson, the person who fired Mr. Reynolds after his allegation of discrimination, was an "employee serving in a managerial capacity" while acting in the scope of his employment. Ogden v. Wax Works, Inc., 214 F.3d 999, 1008 (8th Cir. 2000) (citations omitted).

With respect to the motive or intent of the employer, there was evidence from which the jury could have found that Mr. Dickson treated Mr. Reynolds, a black employee, differently than similarly situated white employees. Four Kohler employees – Senko, Askins,

-4-

Bailey and Alan Dickson - violated similar polices and either were not disciplined or were disciplined with less severity than Mr. Reynolds. Several other employees who had similar violations as Mr. Reynolds, did not receive the "zero-tolerance" reaction.[3] Senko, Askins, and Bailey did not have their time cards signed by a foreman but were not disciplined for this failure. Mr. Reynolds was. Further evidence of motive is revealed by the evidence that Ms. Miller "decided to recommend termination **prior** to reviewing Mr. Reynold's or any other employee's time cards or performing any other investigation regarding the allegations against Reynolds." Kohler, 335 F.3d at 774-775. The Court finds, with the knowledge of the differences in treatment based on race and after Mr. Reynolds put Mr. Dickson on notice that he thought he was being discriminated against, Mr. Dickson took a "perceived risk" that his actions would "violate federal law" when he terminated Mr. Reynolds employment. Kolstad, 527 U.S. at 536. As there was sufficient evidence in the record for a reasonable jury to find that Kohler was recklessly indifferent to Mr. Reynolds' rights under the law. Therefore, Kohler's Renewed Motion for Judgment on the claim for punitive damages is denied.

---

[3]The evidence revealed that "zero-tolerance" infractions required immediate termination.

With respect to Kohler's Motion for New Trial, "[a] motion for new trial should only be granted if the jury's verdict was against the greater weight of the evidence so as to constitute a miscarriage of justice." Ogden v. Wax Works, Inc., 214 F.3d 999, 1010 (8th Cir. 2000). Defendant's motion is based on this very ground. However, twelve jurors and the Eighth Circuit Court of Appeals found there was sufficient evidence to support the jury's verdict. This Court cannot state, after reviewing the record in the light most favorable to the EEOC, that the jury's verdict was against the clear weight of the evidence. Therefore, the alternative Renewed Motion for New Trial is denied.

Kohler also seeks to have the Court remit the compensatory damages award. Defendant states that the jury awarded Mr. Reynolds $40,000.00 in compensatory damages, roughly equal to three years lost income and fringe benefits. Kohler notes this is roughly the amount of time between Reynolds' termination in January of 1998 and the trial of this matter in February of 2001. Defendant argues that although the jury's verdict took into account the amount and the extent to which Mr. Reynolds actually mitigated his damages, it ignored the fact that Mr. Reynolds did not avail himself of all reasonable opportunities to find comparable employment. Defendant notes that Mr. Reynolds admitted that he refused to use a temporary agency to help obtain comparable employment.

On the other hand, Mr. Reynolds testified that he applied to various industries in the area and went to the employment office but was not offered a job. Mr. Reynolds testified he was never offered or never turned down an offer of comparable employment. Additionally, Mr. Reynolds began employment only five weeks after his termination.

Defendant offered no evidence of specific positions that were available to Mr. Reynolds, nor did it offer evidence that Mr. Reynolds declined any suitable positions. The burden remains on the employer to show that the employee failed to mitigate his damages by reasonably seeing and accepting other substantially equivalent employment. Hartly v. Dillards, 310 F.3d 1054, 1061 (8th Cir. 2002). Therefore, Kohler's Motion to Remit Compensatory Damages is denied.

### III. EEOC's Motions

Also pending are Plaintiff's Renewed Motion for Reinstatement, Injunctive Relief and Costs and Motion for Post-judgment Interest. The EEOC requested reinstatement in this action prior to the conclusion of the case and renewed the motion post-appeal. Prior to the trial of this action, the EEOC moved to amend the complaint to join as a necessary party, United Auto Workers Local 1000 ("Local 1000"). Local 1000 represents employees at Kohler's

facility in Searcy, Arkansas. Plaintiff argued that any decision regarding reinstatement, seniority and benefits of a bargaining unit employee would fall within the provisions of the Collective Bargaining Agreement and would required Local 1000 to be a party. The district court denied the motion as untimely. Kohler now argues that reinstatement is neither a practical remedy nor an appropriate remedy in the case. Kohler states there is no open position in which Kohler can reinstate Mr. Reynolds and if they did reinstate him, they would have to displace other employees from their current position. Kohler notes that EEOC admits reinstatement would be difficult without the Local 1000 as a party. Further, it is alleged that reinstatement would interfere with the displaced employees' exercise of their contractual rights under the Collective Bargaining Agreement with the union.

This Court finds, after reviewing the record, that a productive and amicable working relationship would be nearly impossible should Plaintiff be reinstated. <u>Cox v. Dubuque Bank & Trust Co.</u>, 163 F.3d 492 (8th Cir. 1998). First, there would be animosity among the employees if they were displaced. Second, there would be tension between Kohler and the Local 1000 in reinstating Mr. Reynolds and displacing other union employees. Third, there is little chance that Mr. Reynolds will not come into contact with the plant manager and human resources. Mr. John

Dickson, the plant manager, testified at trial that he was "upset" at Mr. Reynolds allegation of discrimination. As noted in the dissent, "[b]ecoming upset when charged with racism might be an appropriate reaction." <u>Kohler</u>, 335 F.3d at 779. Tensions created during the termination process, the EEOC investigation and the trial would make it difficult to have a productive and amicable working relationship between Mr. Reynolds, other employees and management. Therefore, the Motion for Reinstatement is denied.

As an alternative to reinstatement, the EEOC requests an award of front pay "in an amount equal in pay and benefits to that of an incumbent Deck Sander, Labor Grade II, payable monthly, to run from the entry of Judgment until John R. Reynolds secures a job commensurate in pay and benefits to a Deck Sander, Labor Grade II position and comparable in commuting distance to his former position with Defendant." Plf.'s Mot. for Reinstate., ¶5. "The plaintiff bears the initial burden of providing the district court with the essential data necessary to calculate a reasonably certain front pay award, including the amount of the proposed award, the length of time the plaintiff expects to work for the defendant, and the applicable discount rate." <u>Barbour v. Merrill</u>, 48 F.3d 1270, 1279 (D.C. Cir. 1995). However, the EEOC has given the Court no reasonable basis upon which to make an award of front pay. The motion for front pay is denied without prejudice to renew. If the

EEOC intends to pursue the claim for front pay, EEOC is directed to file a motion and brief requesting the nature of the relief in detail within thirty (30) days of the entry of this Order.

With respect to Plaintiff's Motion for Injunctive relief, Plaintiff requests this Court 1) to order Defendant to create and disseminate a written policy prohibiting discrimination and retaliation in the workplace within 10 days of entry of the order; 2) to order Defendant to immediately implement an effective mechanism for reporting, investigating, and eradicating discrimination in the work environment; and 3) to order training of all management and hourly employees in an effort to prevent employment discrimination and retaliation for engaging in activities protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

The Court declines the request for broad injunctive relief to eradicate discrimination. First, it should be noted that the jury found for Kohler on the EEOC's discrimination claim. Second, there is no evidence that Kohler retaliated against any of its employees in the past and no evidence that it is likely to do so in the future. Finally, there is no evidence of a pattern of retaliation or a systematic practice of retaliatory conduct. There is no basis for injunctive relief on the facts of this case.

It is, therefore, ORDERED that Plaintiff's Motion for Reinstatement and Injunctive Relief (Doc. No. 96) are denied. Plaintiff's request in lieu of reinstatement for front pay (Doc. No. 96) is denied without prejudice to renew within thirty days of the entry of this Order. Plaintiff's Motion for Post-Judgment costs Doc. No. 96) is moot. Defendant's Motion for Judgment as a Matter of Law, for New Trial and/or Remittitur (Doc. Nos. 97-1, 97-2, and 97-3) is denied.

Dated this 29 day of September, 2004.

James M Moody
United States District Judge

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON_____BY_____

ti

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


September 29, 2004


* * MAILING CERTIFICATE OF CLERK * *


Re:   4:99-cv-00486.


True and correct copies of the attached were mailed by the clerk to the following:      press, file

    Steven W. Quattlebaum, Esq.
    Quattlebaum, Grooms, Tull & Burrow PLLC
    111 Center Street
    Suite 1900
    Little Rock, AR   72201-3325

    Pamela B. Dixon, Esq.
    Equal Employment Opportunity Commission
    820 Louisiana Street
    Suite 200
    Little Rock, AR   72201

    Celia Miklos Liner, Esq.
    Equal Employment Opportunity Commission
    1407 Union Avenue
    Suite 621
    Memphis, TN   38104

    Terry Beck, Esq.
    Equal Employment Opportunity Commission
    1407 Union Avenue
    Suite 621
    Memphis, TN   38104

    Katharine W. Kores, Esq.
    Equal Employment Opportunity Commission
    1407 Union Avenue
    Suite 621
    Memphis, TN   38104

|  |  |
|---|---|
|  | James W. McCormack, Clerk |
| Date: 9/29/04 | BY: T Jones |